# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. SCOTT, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| THOMAS E. BROWN, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:11-CV-1811-TWT-JFK |

## MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, Christopher B. Scott, confined in the DeKalb County Jail in Decatur, Georgia, has submitted a *pro se* civil rights complaint against DeKalb County and various officials. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the amended complaint, (Doc. No. 10), for screening under 28 U.S.C. § 1915A.

## I.   28 U.S.C. §  1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d

1091, 1100 (11th Cir. 2008) (internal quotation marks omitted) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701,

2

709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings his § 1983 action against DeKalb County, Sheriff Thomas E. Brown, Major Scan Drett, Sergeant Lacey, Officer L. Williams, Officer L. Brown, nine unknown JEST team members (JEST officers), the "K-9" (police dog), and Burrell

3

Ellis, CEO of DeKalb County. (Doc. No. 10).¹ Plaintiff states that he is a pre-trial detainee and alleges the following facts. (Id., Statement of Claims ¶ IV). Although there was no riot or disruption in Plaintiff's pod, Officer Brown and JEST officers entered the pod and shot talcum powder bullets. They conducted a cell search while the prisoners were sitting on the floor and facing the wall in the dining room with their hands on their heads. Officer Brown warned the inmates that anyone who had broken a prison rule would be dealt with painfully and severely. Officer Brown asked who had rigged the door, and Plaintiff raised his hand. Plaintiff was placed in handcuffs, and three JEST officers, for approximately five minutes, walked him "the long way" in a manner that causes intense pain to the wrists, elbows, and shoulders. They took Plaintiff back to his cell, took off his handcuffs, made him kneel, and told him to crawl to the back of his cell. Plaintiff stood up to get on his bunk, and five JEST officers beat him and "shot" him (apparently with a taser gun or with a talcum powder bullet).

---

¹Plaintiff's amended complaint filed on November 9, 2011, replaces and supersedes his original complaint and his supplemental complaint. (See Doc. No. 9 at 3); see also Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (stating that under federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Plaintiff has attached to his November 2011 amended complaint a copy of his earlier supplemental complaint. Because the Court instructed Plaintiff that his amended complaint would supersede and replace his original and supplemental complaint, the copy of his supplemental complaint is deemed to have been submitted for informational purposes only, with the limited exception that is noted *infra* note 3.

AO 72A
(Rev.8/82)

Plaintiff was again placed in handcuffs, and three JEST officers walked him the "long way" to the medical unit. The more Plaintiff begged them to stop the painful pressure, the more they increased the pressure. Afterward, they returned Plaintiff to his cell and said they were going to "try this again." Plaintiff was instructed to get on his knees and crawl to the back of his cell. Apparently there was no additional use of force at that time. Shortly thereafter, the K-9 was brought into the pod, barking and growling, which caused Plaintiff to fear for his life. Plaintiff suffered from facial swelling, bruises, and taser burns. Sergeant Lacey and Officer Williams watched the incident and did not intervene. Plaintiff's experience was not an isolated incident because the officers previously had conducted a similar search and had beaten another prisoner.[2] (Id. ¶ IV(1)-(5)). Sheriff Brown implemented use of the JEST team and is the policy maker for the jail. Sheriff Brown and Major Drett ordered the JEST team to act oppressively, and the JEST team has done so in at least four incidents in August 2010 and May and July 2011.[3] (Id. ¶ IV(6)).

---

[2]Plaintiffs do not have standing to assert the rights of others, and, to the extent Plaintiff may have intended to raise a claim on the behalf of another prisoner, his attempt fails. See Church v. City of Huntsville, 30 F.3d 1332, 1335-36 (11th Cir. 1994).

[3]In asserting claims against Sheriff Brown, Major Drett, Mr. Ellis, and DeKalb County, Plaintiff refers to paragraphs twenty-seven through thirty-eight in his supplemental complaint. (See Doc. No. 10, Supplemental Complaint ¶¶ 27-38). Those limited paragraphs are construed to be included in Plaintiff's November 2011 amended complaint.

5

Plaintiff asserts that the force was applied in violation of his constitutional due process rights under the Fourteenth Amendment. (Id. ¶ IV (1)). Plaintiff seeks to press charges, damages, and injunctive relief. (Id. ¶ V).

### A. Burrell Ellis, the K-9, and Pressing Charges

Mr. Ellis must be dismissed – Plaintiff fails to state a claim against Mr. Ellis because he does not allege any facts that associate Mr. Ellis with the alleged wrongs. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("'[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.'" (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1234, at 381-85 (3d ed. 2004))). The K-9 must be dismissed as he or she is not a person subject to suit under § 1983. See Dye v. Wargo, 253 F.3d 296, 303 (7th Cir. 2001) (Wood, J., dissenting) ("The majority hardly needs to belabor the point that, no matter how much of an animal lover one may be, a dog at this time is not a 'person' amenable to a § 1983 suit[.]"). Further, Plaintiff's claim for relief in the form of pressing charges must be dismissed because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987).

6

### B. Sergeant Lacey, Officer L. Williams, Officer L. Brown, and Nine Unknown JEST Team Members

The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from punishment and from the use of excessive force, and excess force claims are analyzed under the Eighth Amendment standard that is applied to excessive force claims by convicted prisoners. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). Force does not offend the Constitution if it is used "in a good-faith effort to maintain or restore discipline." Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks omitted) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "However, if the force is applied 'maliciously and sadistically to cause harm,' then it does 'shock the conscience,' and is excessive under the Eighth or Fourteenth Amendments." Id. (quoting Hunson, 503 U.S. at 7).

> We consider the following factors in determining whether the force was applied maliciously and sadistically to cause harm, and thus violated the Fourteenth Amendment: a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.

Id. at 1217 (citing Cockrell v. Sparks, 510 F.3d 1307, 1311(11th Cir. 2007)). "An officer who is present at the scene and who fails to take reasonable steps to protect the

7

victim of another officer's use of excessive force, can be held liable for his nonfeasance" if he "was in a position to intervene yet failed to do so." Crenshaw v. Lister, 556 F.3d 1283, 1293-94 (11th Cir. 2009) (internal quotation marks omitted) (quoting Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008)).

Notwithstanding the above, persons employed by the sheriff to perform his functions, if sued in their official capacities, are entitled to the same Eleventh Amendment immunity accorded the sheriff for those functions. See Scruggs v. Lee, 256 F. App'x 229, 232 (11th Cir. 2007) (finding that sheriff's employees, sued in their official capacities, were entitled to Eleventh Amendment immunity when performing functions for which the sheriff would have such immunity); but see Jordan v. Mosley, 487 F.3d 1350, 1354 n.3 (11th Cir. 2007) ("[W]e have not yet decided whether the Eleventh Amendment could provide immunity to a sheriff's deputy."). As indicated below, a Georgia sheriff is protected by Eleventh Amendment immunity from damage claims based on his establishing and administering jail policies. See Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1324-25 (11th Cir. 2005).

The facts alleged by Plaintiff do not show a need for the level of force that was used, or condoned, by the JEST officers, Sergeant Lacey, Officer Williams, and Officer Brown. It is recommended that Plaintiff states a due-process excessive-force

8

claim. However, Plaintiff's official capacity damage claims must be dismissed based on 11th Amendment immunity.

### B. DeKalb County

To succeed on a claim against a county, the plaintiff must identify a *county* custom or policy that caused the alleged deprivation. Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003). The identification of a county/municipality policy "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004) (internal quotation marks omitted) (quoting Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997)). In Georgia, "counties have no authority, control over, or involvement in [the sheriff's] force policy at the jail, or his training and disciplining of deputies in that regard." Manders v. Lee, 338 F.3d 1304, 1322 (11th Cir. 2003). A Georgia sheriff "functions as an arm of the State-not of [the] County-when promulgating policies and procedures governing conditions of confinement at the . . . County Jail." Purcell, 400 F.3d at 1325.

Petitioner has alleged that Sheriff Brown is the final policy maker for the DeKalb County Jail and seeks to hold DeKalb County liable. The County cannot be held liable based on Sheriff Brown's policy making because Sheriff Brown does not

9

act for the County in administering the DeKalb County jail. Rather, he acts for the State when setting use of force policies for the jail.

### C.     **Sheriff Thomas E. Brown and Major Scan Drett**

A supervisor is liable for the actions of his subordinates under § 1983 only "if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." AFL-CIO v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011). To state a claim of supervisory liability, a prisoner must show that "the supervisor personally participate[d] in the alleged constitutional violation" or that "there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks omitted) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). A causal connection is shown if (1) the supervisor is on notice of historical widespread abuse and has not taken corrective action, (2) the supervisor has a custom or policy that resulted in the alleged violation, or (3) "facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Id. (citing Cottone, 326 F.3d at 1360). Additionally, as indicated earlier, a Georgia sheriff possesses Eleventh Amendment immunity to § 1983 official-capacity damage

10

claims based on his role in "establishing and administering jail policies and practices[.]" Purcell, 400 F.3d at 1324.

Here, the facts alleged by Plaintiff are sufficient, on preliminary review, to state a claim that Sheriff Brown and Major Scott were responsible for a policy that condoned the alleged use of excessive force. However, Plaintiff's official capacity damage claims must be dismissed based on 11th Amendment immunity.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Burrell Ellis, the K-9, and DeKalb County **BE DISMISSED** from the action.

**IT IS RECOMMENDED** that Plaintiff's claims seeking to press charges and his official capacity damage claims against Sergeant Lacey, Officer L. Williams, Officer L. Brown, Nine Unknown JEST Team Members, Sheriff Thomas E. Brown, and Major Scan Drett **BE DISMISSED** and that his excessive force claims against those Defendants in their individual capacities otherwise **BE ALLOWED TO PROCEED**.

11

**IT IS FURTHER RECOMMENDED**, upon the adoption of this Report and Recommendation, that this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**IT IS SO RECOMMENDED** this 26th day of January, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)